

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Coke R. Stevenson
Governor of Texas
Austin, Texas

Dear Sir:

Attention: Mr. M. A. Smalley

Opinion No. O-5645
Re: Whether House Bill No. 642,
Acts of the 48th Legislature,
Regular Session, 1943, con-
fers upon a county judge in
Texas the authority to ap-
point a local property
officer.

Your letter of September 24, 1943, requesting the
opinion of this department on the question stated therein
reads as follows:

"The United States Office of Civilian De-
fense loans to states and to communities within
the states certain property, including equipment
and supplies for the protection of the civilian
population from the hazards of enemy action. As
a condition precedent to the loaning of such
property of the United States of America to the
states and communities, the Federal regulations
require that a State Property Officer be appointed
by the Governor and that Local Property Officers be
appointed by the chief executive officer of the re-
spective counties designated to receive such loaned
property.

"The appointment of such officers in Texas is
authorized by House Bill No. 642, passed by the 48th
Legislature. In keeping with the authority granted
in Section 5 of this law, Governor Stevenson has ap-
pointed the County Judge of each Texas county as
County Defense Coordinator for that part of the county
not within the limits of incorporated cities, and as
authorized by Section 7 of this same law, certain of

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

these County Judges so appointed have appointed Local Property Officers. In most of such cases the Federal property has been received by these Local Property Officers and is now at the disposal of the respective communities subject to the terms of the loan agreement.

"The Federal government now requests a ruling relating to the legal authority of a County Judge in Texas to appoint a Local Property Officer. With the foregoing predicate established, it will be appreciated if you will answer the following question:

"Is it your opinion that House Bill No. 642, passed by the 48th Legislature at the Regular Session, confers upon a County Judge in Texas the authority to appoint a Local Property Officer?"

House Bill No. 642, supra, is a comprehensive act authorizing the Governor to establish by proclamation an organization for the coordination of defense activities in Texas, including a State Defense Council, or a similar body, by whatever name he may determine to call it, and such personnel as may be necessary to carry out the provisions of the Act and to provide adequately for the protection of life and property in this State during the war emergency, etc.

Sections 5 and 7 of the foregoing Act read as follows:

"Section 5. The Governor may appoint the county judge of each Texas county as County Defense Coordinator for that part of the county not within the limits of incorporated cities, and may appoint the Mayor of each incorporated city as Municipal Defense Coordinator; provided, however, that if either the county judge or the mayor does not desire to act, he may submit to the Governor the name of a citizen of his political subdivision to be appointed to act in his place, which person shall be vested with the responsibility and authority set out in this Act. Such local de-

fense coordinator shall carry out and administer, in their respective jurisdictions, plans for the defense of the State and for the protection of life and property, as set out in this Act, er as may be promulgated by the Governor under the authority of this Act, or under such other authority as he may have in law. The County Defense Coordinator and the Municipal Defense Coordinators may form such county-wide defense organizations as consistent with the authority granted by County and Municipal Governments, provided that no action shall be taken in this connection that would deprive regular constituted local officials of authority or responsibility normally possessed. Under authority of county and municipal governments, local Defense Coordinators may appoint or remove such auxiliary personnel as may be necessary for the purpose of carrying out a uniform and coordinated State Defense Program as set out in this Act or as may be promulgated by the Governor under the authority of this Act. The appropriation by local governmental units are funds for the maintenance and upkeep of such local defense organizations and for other war emergency purposes shall be deemed a lawful expenditure of public moneys of cities and counties of this State; provided, that, as regards counties, the appropriation for maintenance and upkeep shall not exceed one (1%) per cent of the county taxes collected by said county for the previous year, and, as regards cities and towns, appropriation for maintenance and upkeep shall not exceed one (1%) per cent of the city taxes collected by said city or town for the previous year." (Emphasis ours)

"Section 7. Political subdivisions of this State are also authorized to accept from any public or private source, grants of funds, or grants and loans of equipment, supplies, materials, and other property; to hold, use, loan, expend, exchange, deal with, employ, distribute or dispose of such funds, equipment, materials and other property; to negotiate with any other municipality or political subdivision for the common protection or defense of each other; to appoint local Property Officers, if required, to serve as custodians of such property, and to pay premiums on such bonds of Local Property Officers as may be required." (Emphasis Ours)

Honorable Coke R. Stevenson, page 4

Section 8 of said Act provides, in part:

" * * the county judge or the mayor
of each political subdivision of the State
shall carry out the precautionary measures
promulgated by the Governor and such other
measures not inconsistent therewith."

As a condition precedent to the lending of such
property of the United States of America to the State and com-
munities, the Federal regulations require that a State Property
Officer be appointed by the Governor (Sec. 6 of said Act au-
thorizes the Governor to appoint a State Property Officer)and
that Local Property Officers be appointed by the Chief Executive
Officer of the respective counties designated to receive such
loaned property.

It will be noted that Section 5 of said Act (H. B.
No. 642, supra,) authorizes the Governor to appoint the county
judge of each Texas county as County Defense Coordinator for
that part of the county not within the limits of incorporated
cities.  Section 5 also authorizes Local Defense Coordinators
to appoint or remove such auxiliary personnel as may be neces-
sary for the purpose of carrying out a uniform and coordinated
State Defense Program as set out in said Act, or as promulgated
by the Governor under the authority of the Act.

Section 7 of said Act authorizes any municipality
or political subdivision to appoint Local Property Officers,
if required, to serve as custodians of such property.  As here-
tofore stated, the Federal regulation requires Local Property
Officers to be appointed by the Chief Executive Officer of the
respective counties designated to receive such loaned property.
Apparently, the question is raised with reference to the county
judge being the Chief Executive Officer of the County.  We do
not deem it necessary to expressly pass upon this question as
the Act under consideration authorizes the Governor to appoint
the county judge of each Texas county as County Defense Coor-
dinator for that part of the county not within the limits of
incorporated cities.  Also, as above stated, said Section 5 au-
thorizes Local Defense Coordinators to appoint or remove such

Honorable Coke R. Stevenson, page 5

auxiliary personnel as may be necessary for the purpose of carrying out a uniform and coordinated State Defense Program as set out in the Act or promulgated by the Governor under the authority of the Act.

Generally speaking, judges are Judicial Officers, but they are frequently authorized to perform acts of an executive or ministerial character; and the Court may, if it will, exercise an extra-judicial power conferred upon it by the Legislature. In other words, in addition to judicial duties, a judge may be authorized to perform many acts of an executive or ministerial character. He may appoint subordinate officers when so authorized, officiate at marriages, administer oaths, and affirmations and take acknowledgments, affidavits and depositions. Judges are also ex-officio peace officers; and they may at all times carry firearms, whether they are engaged in the discharge of official duties or not. (Clark v. Finley, 54 S. W. 343; Sections 12 and 15, Article 5 of the Constitution; Tex. Jur., Vol. 25, p. 248; Tex. Jur., Vol. 34, p. 340). In the case of Clark v. Finley, supra, it was stated by the Supreme Court that:

"* * * the county judge is not a judicial officer only. When holding sessions of his Court, his powers are, as a rule merely judicial; but, in addition to his duties as the judge, there are various executive and ministerial functions conferred upon him by the Constitution and laws."

In view of the foregoing authorities, it is our opinion that House Bill No. 642, supra, authorizes county judges who are appointed County Defense Coordinators under said Act, to appoint Local Property Officers.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:EP